

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2002

# USA v. Castro

Precedential or Non-Precedential:

Docket 1-1694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Castro" (2002). *2002 Decisions.* Paper 160.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1694
_____

UNITED STATES OF AMERICA

v.

ELAINE CRAY CASTRO,

Appellant
_____

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 00-cr-00361
District Judge: Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a) March 5, 2002

Before: SCIRICA, ROSENN, Circuit Judges, and WARD, District Judge.

(Filed March 8, 2002 )
_____

OPINION
_____

ROSENN, Circuit Judge.
     Fund Securities Incorporated (FSI) was a broker/dealer of securities located in
Staten Island, New York.  In mid-1993, it employed Elaine Cray Castro (Castro or
Defendant) as its secretary and bookkeeper.  Castro maintained all of the corporation's
financial accounts and records, and was responsible for maintaining a journal of cash and
checks received by FSI, and for the flow of funds into and out of FSI.  An investigation in
1999 revealed that Castro had forged one hundred twenty-eight (128) checks aggregating
in excess of $2 million and deposited them in her personal account or in the account of
Tuscany Food Corp., a restaurant owned by her and her husband.
          A three count information filed in the United States District Court for the
District of New Jersey charged Castro with: (1) knowingly transporting forged and altered

securities in interstate commerce, in violation of 18 U.S.C. 2314; (2) evading income taxes by filing a false 1996 tax return, in violation of 26 U.S.C. 7201; and (3) filing a false 1997 tax return, in violation of 26 U.S.C. 7201. Defendant pled guilty to Counts One and Three pursuant to a plea agreement. The parties stipulated that, with respect to Count One: (1) U.S.S.G. 2B1.1 was applicable and carried a base offense level of 4: (2) the amount of loss was more than $800,000 but not more than $2.5 million; (3) the offense involved more than minimal planning; and (4) Defendant abused a position of private trust and used a special skill in a manner that significantly facilitated the commission and concealment of the offense. The parties also stipulated that Counts One and Three were not subject to grouping and that Defendant demonstrated timely acceptance of responsibility at the time of the agreement and if that continued, she would be entitled to a three level downward adjustment.

The District Court sentenced the Defendant to imprisonment for a concurrent term of 41 months on the two counts to which she had pled guilty, to be followed by three years of supervised release. Defendant timely appealed. We affirm.

The sole issue on appeal is whether the District Court erred in enhancing the Defendant's sentence when it found that she occupied a position of trust. The enhancement for breach of trust resulted in an increase of two levels pursuant to U.S.S.G. 3B1.3. Castro stipulated in the District Court that she occupied a position of trust. Subsequently, she obtained new counsel who was permitted to object and argue this issue at the time of sentencing. At sentencing, the District Court carefully and patiently listened to the argument of counsel for the Defendant and even invited the Defendant personally to speak in her own behalf. The Court found that the Palaces (owners of FSI) "trusted the Defendant totally, treating her with a trust one would accord a family member in giving her almost complete control of the daily operations of the business. She was the sole bookkeeper employed by FSI and had great discretion in managing customer accounts. She lulled the Palaces into the false sense of security enabling her to steal immense sums of money. This was possible only because she held a position of

trust." The record supports these findings.

In United States v. Pardo, 25 F.3d 1187 (3d Cir. 1994), this Court had occasion to consider controlling principles in determining whether a position constituted one of trust for purposes of enhancement of sentence under U.S.S.G. 3B1.3. The court held that the factors to be considered are: (1) whether the position allows the Defendant to commit a difficult-to-detect wrong; (2) the degree of authority to which the position invests independent vis--vis the object of the wrongful act; and (3) whether there has been reliance on the integrity of the person occupying the position. Id. at 1192.

A review of the record unequivocally supports the findings of the District Court, and its conclusion that Castro occupied a position of trust in accordance with Pardo. The record reveals that the position she filled allowed her to commit a difficult-to-detect wrong because the Palaces relied fully on her integrity to control and maintain the books and cash flow. The record demonstrates that Castro also meets the remaining two Pardo factors. She, therefore, occupied a position of trust. Regrettably, she abused that position "in a way that significantly facilitated [her] crime." United States v. Craddock, 993 F.2d 338, 340 (3d Cir. 1993).

Accordingly, the judgment of conviction and sentence is affirmed.

TO THE CLERK:

Please file the foregoing opinion.

                                        /S/ Max Rosenn
                                        Circuit Judge